**In re Matt Wayne PSALTO, Debtor.**

**L.D. FITZGERALD, Trustee, Plaintiff,**

v.

**AMERICAN GENERAL FINANCE, INC., and Matt Wayne Psalto, Defendants.**

**Bankruptcy No. 97–41278.**
**Adv. No. 98–6151.**

United States Bankruptcy Court,
D. Idaho.

Sept. 8, 1998.

Daniel C. Green, Racine, Olson, Nye, Cooper & Budge, Chartered, Pocatello, Idaho, for plaintiff.

Charles Johnson, Johnson Olson, Chartered, Pocatello, Idaho, for defendant American General Finance, Inc.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

Plaintiff and Defendant each move for summary judgment in this adversary proceeding. No hearing was requested, nor is one required for the Court to dispose of the motions.

### Facts

The facts are, in large part, stipulated. Some time prior to March 7, 1997, Debtor Matt Psalto purchased a 1995 Polaris snowmobile in Wyoming. No certificate of title was issued for the snowmobile at the time of purchase, nor has one since been issued. At the time of purchase, Debtor resided in Idaho Falls, and he brought the snowmobile to Idaho.

On March 7, 1997, Debtor borrowed money from Defendant, and granted it a security interest in the snowmobile to secure the loan. Defendant attempted to perfect its security interest by filing a UCC–1 financing statement with the Idaho Secretary of State.

On November 26, 1997, Debtor filed a bankruptcy petition under Chapter 7. Plaintiff is the trustee in that bankruptcy case. Debtor surrendered the snowmobile to Plaintiff. Plaintiff filed this action to avoid Defendant's security interest in the snowmobile.

### Disposition of Issues

Plaintiff argues that Defendant's lien is not properly perfected under Idaho law, and is therefore avoidable under a trustee's hypothetical lien creditor status bestowed by the "strong-arm" provisions of the Bankruptcy Code. 11 U.S.C. § 544(a). Defendant disagrees. The Court concludes Plaintiff is correct.

In most instances, the Uniform Commercial Code allows perfection of a creditor's security interest in goods by the filing of a financing statement with the Secretary of State. Idaho Code § 28–9–302(1). One important exception to this general rule applies to property subject to Title 5 of Title 49 of the Idaho Code, the Idaho motor vehicle title statutes. Idaho Code § 28–9–302(3)(b). For motor vehicles, issuance of a certificate of title and the notation of the creditor's lien on that certificate is the exclusive method of perfection. Idaho Code § 49–510(1).

Beginning in 1991, certain "off road vehicles", including snowmobiles, have been covered by the motor vehicle title laws. Idaho Code § 49–501. Since that time, certificates of title have been issued for snowmobiles, and a security interest must be perfected by notation on the title certificate to the snowmobile to be effective. Where a lien on a debtor's motor vehicle is not properly perfected, it may be avoided by the Chapter 7 bankruptcy trustee. *Fitzgerald v. Bauer Pontiac–Cadillac–Buick–GMC, Inc., (In re Nedrow),* 95 I.B.C.R. 198, 199; *Fitzgerald v. Norwest Financial Idaho, Inc., (In re Keller),* 95 I.B.C.R. 164, 165.

Defendant argues that since there was no title certificate ever issued on Debtor's snowmobile, it was excused from this perfection requirement. Defendant's argument, however, simply ignores the law. Idaho Code § 49–504(2) provides a procedure for issuance of a title certificate for a covered vehicle

purchased elsewhere and then brought into this State. Moreover, Idaho Code § 49–510 places the burden of securing the issuance of a certificate squarely on the lien creditor:

> No lien or encumbrance on any vehicle ... shall be perfected ... until the **holder of the lien or encumbrance** has complied with the requirements of section 49–504, Idaho Code, and has filed the properly completed title application and all required supporting documents with [the Idaho Department of Transportation] or an agent of the department.

(Emphasis added).

 Defendant failed to insure that a proper certificate of title to the snowmobile was issued and that it's lien was noted on that certificate, all as required by the Idaho statutes. Defendant's security interest, therefore, is avoidable by Plaintiff under 11 U.S.C. § 544(a).[1] A separate order and judgment will be issued.

---

1. Because the Court concludes Defendant's security interest was not properly perfected, and is therefore avoidable, the Court need not address Plaintiff's arguments that Defendant's documents are inadequate to create an enforceable security interest in the snowmobile.